May it please the Court, Stephen Barth with Federal Defenders, on behalf of Mr. Ingham. May I begin, Your Honors? Thank you. In order to be an appropriate candidate for the plus-4 enhancement under 3B1.1a, the defendant has to exercise some control over others involved in the criminal scheme. After the PSR was disclosed to the parties, Mr. Ingham filed objections to that PSR. Those objections included that he, quote, flatly denied that he exercised control over others. He argued that each party was an equal partner to the scheme. He argued that the plans were agreed to by all. And he also pointed out that each party had veto power over the others. And he also objected that, to the extent the probation officer equated directing with control, Mr. Ingham objected to that. I have a question for you, counsel, and that is, is the language of the guideline on this point in the disjunctive covering either organization or control? I'm sorry. Either control. Could you repeat that question, sir? Is the guideline language in the disjunctive so that it applies if there's control or organizational authority? Your Honor, I would argue that it's conjunctive. And I think those two, when they discuss organizational authority or control over others, I believe those are relatively synonymous. I think they're two ways of saying the same thing. That is, that organizational authority is essentially having the power to direct others with the assurance that those others will follow, essentially, the orders that you've given them as their leader or organizer. That's how I read that, Your Honor. Okay. So you're reading the word or, even though it's normally disjunctive, as conjunctive. Well, Your Honor, I would argue again that I think those are, at least how I read the case, United States v. Avila, that you need to have that organizational authority or control over others. The Ninth Circuit case law is very clear that you cannot get the plus four enhancement simply for having good organizational skills or good planning skills. There has to be something more, and that is that control over others. And I just don't think there's really a great difference between having authority over the organization, Your Honor, and being able to control others within that organization. Be that as it may, Your Honor, should Your Honor read that in the disjunctive, and perhaps that is a fair reading, I would argue that in this case we objected that Mr. Ingham, although we didn't use the words organizational authority, our objections covered either organizational authority or control over others. Why isn't the plea agreement sufficient? The plea agreement includes a statement, the defendant acknowledges that he acted as a leader and manager of this importation conspiracy, and leader seems to be a word contained precisely in the guideline. Yes, Your Honor, it is contained in the guideline in 3B1.1a. I would also point out that it's contained in 3B1.1c. This case was negotiated at arm's length between the parties. We came to what we thought was a fair resolution, and the parties agreed that the most appropriate resolution of this case was a plus 2. It's unfortunate that that word leader got in there, but the spirit of the agreement as one can tell from the agreement because it calls for a plus 2, is that my client was appropriate for a 3B1.1c enhancement for a plus 2, but not a plus 4. And I would point out But the judge doesn't have to accept that. Certainly the plea agreement is not binding on the judge. Let me ask you this. Was 3553 applied here? Well, any time a judge sentences somebody now, they have to apply the 3553 factors. However, this Court's case law indicates that you still have to make a correct guideline calculation. I believe the case is United States v. Allen. I'm sorry I don't have the site right off the top of my head, but it's a recent case post-Amyline. Moreover, United States v. Amyline, the Ann Bonk case, says that the strictures of Rule 32, which is the focus of my appeal, or one of the focuses of my appeal, still need to be complied with even post-Booker and after Amyline. So it was this judge's duty, the district court judge's duty, to strictly comply with Rule 32. And this Court's case law is pretty clear that he has to be express and explicit in complying with Rule 32 in dispelling or resolving all controverted matters. In this case, the objections I just read to this Court, which are contained in my sentencing papers on excerpts of record page 37, simply were never resolved by the district court. The district court ultimately found that a plus-4 enhancement was appropriate, but he didn't resolve the factual disputes, the controverted matters. And he's not required to make detailed findings of fact. He's required to come to a factual conclusion. And why can't the conclusion be pretty easily inferred even from the words he uses? I believe that, again, in United States v. Houston, I think that is the most recent case or one of the most recent cases regarding this situation. The Court said that he has to be – the district court has to be express and explicit in resolving all disputes. In that case, I would point out a similar argument was made by the government that you could infer from the judge's conclusion that an enhancement was appropriate. I believe that was for threats in a bank robbery. You could infer that the judge resolved all disputes. And the Court rejected that argument by the government and said, no, the judge needs to be expressed and explicit in resolving all factual disputes before the Court. Well, he did. I'm sorry. Go ahead. I don't mean just that you can work backwards from the sentence he imposed. I mean, he made comments, made specific reference to 3D1.1 providing for the four-level increase in certain circumstances and says explicitly that fits his involvement in this case. He was a supervisor of activity involving Fivermore. He was extensively involved. If it wasn't for his involvement, it wouldn't have gone anyplace. I understand there's a requirement to refer specifically, but why isn't that specific enough for these purposes? Well, again, I think the judge was making conclusory statements and jumping over the factual predicates that needed to be dispelled before he reached those conclusions. What is it you say he'd have to articulate in order to satisfy the requirement? He would have had to make a finding of whether Mr. Ingham indeed exercised control over others in the group. That's under your interpretation of the guideline, that you're saying control is always necessary as contrasted with possibly organizational role that wouldn't require control. Right? You're reading it as a conjunctive requirement of organization and control rather than saying it could just be organization. Again, Your Honor. Well, when the judge used the word brainchild, I think that was one of his statements. He's saying this whole plan was the brainchild of Mr. Ingham. What does that say about organization? Your Honor, to answer your question, I think under this Court's case law, Avila and the other cases I've cited on the plus four enhancement for aggravating role, simply conceiving of a plan, whether it's your brainchild or not, does not equate to a plus four enhancement. I do believe that there has to be something more. And whether it's either simply control over others or both control over others or organizational authority, we certainly objected to that in our papers with the objections that we made. And the judge, in my mind, simply did not address those points. So I understand, Your Honor, is a concern with the disjunctive or conjunctive of organizational authority versus control over others. Again, I think those two concepts are very similar in that to have authority over somebody, necessarily you would need to direct them. And I think our objections cover both. You like this new regimen, do you? I'm sorry? You like the sentencing guidelines? Do I like the sentencing guidelines? Yeah. Well, Your Honor, I would make ñ I like giving district court judges discretion, Your Honor, but I will say they're worse. But under, you know, it's just got to be frustrating to them because you've got the sentencing guidelines, which I've always considered to be an abomination because they take the discretion away from the district court and they give it to the prosecutor who's really got total control over whether an indictment is sought and eventually over the punishment. You know that, don't you? I would agree with that, Your Honor. And then they ñ all these other conditions are imposed. You can't take an appeal and the rest of it. If you ask for a trial and you go to trial, you get greater punishment. And if you don't plead soon enough and you make me work, then you've got to spend more time in prison. So it just seems to me that you've got Booker and you've got Ameline and the underlying message is that they need to take a look at these sentencing guidelines and indicate that in the record. And then the judge can use his discretion. And under the old system and even here, the judge can look at the probation report and he can check out based on that, using his own judgment and his experience and his maturity, and then come up with a sentence. And then we just have to decide whether it's reasonable or not at the end. As you're quibbling over is it conjunctive or disjunctive and all that, I mean. Well, I mean, he gave him a 100-month sentence, right? That's correct, Your Honor. And, I mean, there was a lot going on here. And he could have given him the statutory maximum, which was 120 months, but he didn't do that. He gave him 100 months. And, you know, the recommended guideline range was 97, so he gave him a little bit more than that. So I think you'd be happy with it. And, Your Honor, I... And that's, you know, he was involved in, I mean, this was a big marijuana operation. Airplanes and boats were involved. It originated in British Columbia. A lot of money was involved. And he was the brains behind it, wasn't he, dear guy? As I said in my sentencing papers... Maybe it was a no-brainer. I don't know. But he was there. Your Honor, I do want to reserve a minute to respond to whatever the government says. But in response to your statements, I would just say this before I sit down, and that is whether one preferred the guideline system or one prefers having the district court have freedom of discretion up to the statutory maximum, which I think we can probably agree on, is, in my mind, beneficial. That's really not the issue here. The issue was did the district court comply with Rule 32. Listen, I respect your office. You fight hard for these people. Well, thank you, Your Honor. You put everybody's mind at the sticking point. So I'm giving you an extra three minutes and 54 seconds, but I'll give you another minute. I appreciate that, Your Honor. Thank you. With that, I'll sit down, Your Honor. All right. May it please the Court. Good morning, Your Honors. My name is Steven Tokars. I represent the United States of America in this appeal, and we are asking this Court to affirm the sentence in its entirety that was handed down by the district court. I'd like to take first the issue of the plus-4 enhancement for roll. The appellant has objected that there was a violation of Rule 32, and the government submits that the district court in this case did exactly what it should have done. And, in fact, the district court made explicit factual findings in the record. Those are found on pages 171 to 172, stating why it believed that Mr. Ingham was deserving of this plus-4 adjustment for roll. The district court also specifically referred to the pre-sentence report and the addendum to the pre-sentence report, both of which factually laid out the reasons for the plus-4 adjustment, because it had been recommended by the probation officer also. Although this was not specifically the sentence that the parties were recommending to the court, the district court, as this Court has noted, has the freedom to impose a sentence that it feels is appropriate. In this case, the district court complied with all of its obligations. It complied with Rule 32. It's looked at the guideline enhancement language, and it made specific factual findings that Mr. Ingham was, in fact, the leader of this organization. And, in fact, on page 176 of the record, Your Honors will note that he calls Mr. Ingham the kingpin, actually uses that phrase, of the organization. The government's position is we don't know quite what else the district court could have said to comply with his statutory requirements in making his factual findings. We also note, as Judge Clifton noted- Counsel? Counsel? Yes. At least as I understand the argument being advanced by appellant, it's that Rule 32 requires a more explicit factual determination relating to the objections made about control. Maybe I'm oversimplifying it, but at least I understand appellant's argument to be that he challenged the control element in the PSR and that he felt the judge's, or appellant contends, that the judge's discussion is not explicit enough on resolving that. So I guess my questions to you are, one, if there's organizational authority, does there have to be control? And then, second, assuming there does have to be control to some degree, was the judge explicit enough? Yes. Judge Gold, on the first question, the government submits that it is a disjunctive, a plain reading of the enhancement under 3B1.1 sub A is in the disjunctive. That is, the defendant can either be an organizer or leader of that criminal activity. And in this case, we submit that that's the fair and plain reading of the guideline and that under that reading, clearly the defendant qualifies under both prongs. The district court found that he was the brainchild of the organization. Therefore, he was the organizer of this criminal activity. Even if this court should interpret it as the appellant would like you to interpret it, that is in the conjunctive, that you have to have control over the participants in the organization. The government would submit that there is sufficient facts in the record to support that enhancement for Mr. Ingham. Specifically, the district court was very clear in adopting the factual findings of the pre-sentence report and the addendum to the pre-sentence report. And in those factual findings, the probation officer specifically stated that the defendant was the leader, that everyone reported to him, not the other way around. So that we would submit that under either analysis, that the plus four enhancement was justified under the facts in this case. When you said he was the brainchild, I take it, at least that's how I heard your comment. I think it's a slight misstatement. The district court said that presumably the conspiracy was the brainchild of Mr. Ingham. Ingham wasn't the brainchild, right? You're correct. Thank you, Judge Gold. The conspiracy was the brainchild of Mr. Ingham, I believe is how the district court stated it. And as to the adoption of the findings in the PSR, do we have any authority relating to Rule 32 that talks about incorporating something by reference? Yes, Your Honors. That is quoted in our brief, and I can direct you to the page numbers. I believe there is case law stating that, recognizing that a district court can, in fact, adopt the PSR and the addendum to the PSR as its factual findings, as long as those findings are, in fact, in the PSR, of course, and in this case they are. And that is briefed in our first argument in this case, Your Honor. And there is case law supporting that, and that's on page 17 of the government's brief, stating that if the district court explicitly acknowledges the defendant's objections, which the court did in this case, references the PSR, and, in fact, the district court in this case said that, I actually find I believe that I agree with the factual findings in the PSR, words to that language, and then adopts those findings, then it has complied with Rule 32. Well, you know, the district judge here, he spent a lot of time on this. I suppose he could have said, well, you know, we've got a controversy over, you know, whether he had control or organizational authority, and all right, I'll forget about all that. Okay. Judge Bragerson, I think I was disconnected for about one minute there. So if you heard me saying things, you can just disregard it. I'll go back and listen to the argument again on tape later so I pick up whatever I might have missed. Well, I was talking, so I don't know that you might have missed anything. In other words. But I will listen to it later. Make me a copy of it, too, would you please. The district judge, he said, okay, we're fighting over that. Just forget about it. I'm just going to disregard that. All right. And then he decides the sentence. And he looks at the probation report and he sees the extensive past history, pretty extensive here, wasn't it? Yes, Your Honor. Yeah. And then he says, well, considering all this, it seems to me that a sentence of, you know, 120 months is reasonable. That would be it, wouldn't it? If the judge had only said that and not made any other guideline findings? Yeah. Well, I do think there is. I mean, he just said, no, he made the, whatever he said before, but on this controversy, he just said, well, forget about that. I'm not going to worry about that part of it. And he just said, well, okay, I'd look at all this and the amount and the money that was spent, and this defendant's past history that's criminal history, and I think that he ought to have the maximum, 10 years. That would be it. Yes, it would. I do think the court has an obligation, which the court did in this case. If there's a factual objection to the PSR, to either resolve that factual objection or say it won't affect his sentence. Forget about it. Yeah. There's other things I've got in my mind that are more important. Yes, Your Honor. He can do either. I'm probably not too many judges around anymore. You know, I grew up under the old system and not this sentencing guideline system, which has taken the discretion away from the district judges and given it to your office. And that's caused a lot of problems. And anyway, I had something else I was going to comment on, but I forgot what it was. So, okay. Your Honor, I would just note. Why don't you save 24 seconds for your friend over there? Just give him the extra 20 seconds. I'd be happy to do that. Thank you, Your Honor. Okay. Your Honors, I have a few quick points to make that I think are important. The first is, Your Honors, with regard to this idea of whether the government or the judge could simply adopt the findings in the PSR, I would direct you to United States v. Amaline, 409 F. 3rd, 1073, 1085-1086, where it reads, when a defendant raises objections to the PSR, the district court is obligated to resolve the factual dispute and the government bears the burden of proof to establish the factual predicate for the court's base offense level determination. The court may not simply rely on the factual statements in the PSR. So I think that's important. But it doesn't say that the – I mean, the case wasn't about this issue. Amaline was a recitation of the whole procedure. And that doesn't say that the court can't adopt or incorporate by reference. It just can't say it's there and I'm not going to think about it anymore. This portion of Amaline, Your Honor, was discussing Rule 32 and whether the judge had complied with Rule 32. Well, I don't know what Amaline was about. It was on the unbunked panel. I understand that, Your Honor. And it wasn't – that wasn't the controversy. The general procedure is being discussed, and I understand the sentence you read, but I'm not sure that sentence says that we're overruling the prior case law that made clear that you can comply with Rule 32 or the district court can comply with Rule 32 by adopting conclusions. And I would also direct you to another case in my brief, United States v. Williams. While the court may adopt the PSR findings, the court still needs to dispel the disputes, the controverted matters before the court that were raised by the defendant. Also, with regard to this issue of conjunctive or disjunctive organizational authority versus control over others, I would point out that in United States v. Avala, they made no distinction between organizational authority and control over others. I would also point out that in Application Note 4 to the guideline itself, when it describes some of the factors that the court needs to consider in distinguishing leader and organizational role from mere manager supervision, it doesn't distinguish between leader or organizational role. And it says one of the things you need to look at is control over others. So they make no distinction there. So, again, whether you read it in the disjunctive or the conjunctive, I do believe that, and Your Honor certainly has a fair reading of that. I don't dispute that. I do think they're similar enough, and the guidelines do direct us, and I believe United States v. Avala does direct us that there's still an issue of control over others. And with that, Your Honors, I would submit and thank you. Thank you very much.
judges: Pregerson, Gould, Clifton